IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

```
JULIE GERBSCH,                       )
                                     )
     Plaintiff,                      )
                                     )
v.                                   )    CASE NO. CV419-310
                                     )
BOARD OF REGENTS OF THE              )
UNIVERSITY SYSTEM OF GEORGIA,        )
                                     )
     Defendant.                      )
                                     )
```

**O R D E R**

Before the Court is the parties' Joint Motion for Settlement Approval. (Doc. 23.) Under the Fair Labor Standards Act ("FLSA"), this court must scrutinize any proposed FLSA settlement. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982). This Court will approve a compromised claim only if the settlement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." Id.; see 29 U.S.C. § 216(b). For the following reasons, the Court declines to accept the proposed settlement agreement.

This case arises under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 200e-2(a) et seq., and the Equal Pay Act of 1963 ("EPA"), 29 U.S.C. § 206(d), which is an amendment to the FLSA, 29 U.S.C. § 201 et seq. On November 18, 2019, Plaintiff initiated this action seeking recovery for alleged gender discrimination with respect to her compensation as an employee for Defendant Board of Regents of the University System of Georgia.

(Doc. 1.) On February 26, 2020, the parties agreed to a settlement of Plaintiff's claims and filed a Joint Motion for Settlement Approval. (Doc. 23.)

After careful review, the Court approves the terms of the settlement agreement with the exception of the amount requested in attorneys' fees. The relevant statute provides that this Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009). This Court is, therefore, required to review the settlement to ensure that the attorneys' fees are both reasonable and that the attorneys' fees were agreed upon separately and without regard to the amount paid to the Plaintiff for liquidated damages and unpaid wages. Id.; see also Barnes v. Ferrell Elec., Inc., No. CV 113-056, 2013 WL 5651903, at *2 (S.D. Ga. Oct. 16, 2013); Morris v. Augusta-Richmond Cty., Ga., No. 1:14-cv-196, 2017 WL 1078643, at *2 (S.D. Ga. Mar. 21, 2017); Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that a motion to approve settlement agreement must include a representation that the attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff).

2

In their joint motion, the parties state that the attorneys' fees were "agreed upon as a separate component of the Settlement without regard to the amount of money paid to Plaintiff." (Doc. 23 at 4.) Additionally, the parties have agreed that Defendant will pay Plaintiff's counsel $23,000.00 in attorneys' fees and costs. (Doc. 23, Attach. 1 at 5.) The parties state that this amount is based on Plaintiff's counsel expending 86 hours on the case at a rate of $250.00 per hour. (Doc. 23 at 4.) While the Court does not take issue with the amount on its face, the parties have not provided any documentation to support the amount requested. The Court cannot fulfill its duty of inquiry without documentation as to how the attorneys' fees were computed. See Lynch v. Equity Auto Loan, LLC, No. CV410-058, 2011 WL 13284447, at *1 (S.D. Ga. Feb. 7, 2011). Accordingly, the parties' settlement agreement is **REJECTED** and their request that this case be dismissed is **DENIED**. The parties shall have **thirty (30) days** from the date of this Order to refile their motion and settlement agreement with the appropriate documentation.

SO ORDERED this 14th day of May 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA