# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| JULIE GERBSCH | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | Civil Action No.: |
| | * | 4:19-CV-00310-WTM-CLR |
| BOARD OF REGENTS OF THE | * | |
| UNIVERSITY SYSTEM OF | * | |
| GEORGIA, | * | |
| | * | |
| Defendant | * | |

## JOINT MOTION AND MEMORANDUM SEEKING APPROVAL OF THE PARTIES' SETTLEMENT AGREEMENT AND RELEASE

COME NOW, The Board of Regents of the University System of Georgia, Defendant, and Julie Gerbsch, Plaintiff (collectively referred to as the "Parties"), by and through their counsel of record, and hereby request that this Court approve their "Settlement Agreement and Full and Final Release of Claims" ("Settlement Agreement"). For the reasons set forth below, the Parties respectfully request that this Court approve the Settlement Agreement, attached hereto as Exhibit A.

## I.   BACKGROUND

In this Lawsuit, the Plaintiff asserts claims of gender discrimination with respect to her compensation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) *et seq.* ("Title VII") and the Equal Pay Act of 1963, 29

1

U.S.C. § 206(d) ("EPA"), which is an amendment to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). (Dkt. No. 1). Defendant disputes Plaintiff's claims and specifically denies that it compensated Plaintiff in a discriminatory or otherwise illegal manner. Defendant maintains that it is not liable whatsoever to the Plaintiff.

The Parties dispute both the liability and the damages in this case. For this reason, the Parties have reached an agreement to resolve all of the Plaintiff's claims for back wages, liquidated damages, compensatory damages and attorneys' fees. The Parties respectfully request that this Court approve the Settlement Agreement pertaining to the Plaintiff's EPA and Title VII claims.

## II.   CITATION OF AUTHORITY

### A.   Approval by The Court

The EPA is an amendment of the FLSA and, therefore, pursuant to 29 U.S.C. § 216(b), the compromise of any FLSA claim requires approval by the Court when the payment is not made through the Department of Labor. *See Lynn's Food Stores v. United States*, 679 F.2d 1350 (11th Cir. 1982) (holding a private suit filed by employees requires that the settlement be reviewed and approved by the Court).

In this Lawsuit, Plaintiff claims she is entitled to back pay in the amount of $166,560.00, which amount includes lost wages, lost defined contribution and

leave pay, as well as 2% interest for the years 2018 and 2019, liquidated damages and compensatory damages.  In consideration of Plaintiff's estimated damages, Plaintiff agrees that the amount being paid to her under the Settlement Agreement is a fair and reasonable compromise of the amount she claims is due.  The Settlement Agreement also sets forth that Plaintiff's salary will be raised retroactively to January 1, 2020, to $166,853.00 per annum. The Parties agree that this amount is fair and reasonable because there is uncertainty as to whether Plaintiff will recover any back wages, liquidated damages and compensatory damages, the entitlement to which Defendant expressly denies.  Defendant further contends that, even if the Court were to determine any liability, they acted in good faith and based on reasonable grounds, as defined by 29 U.S.C. § 260.

 For these reasons, the Parties have agreed that the amount contained in the Settlement Agreement is a fair and reasonable resolution of the Plaintiff's claims.  The Parties have been represented by counsel throughout the negotiation of the Settlement Agreement.  The Parties have reached the Settlement Agreement by taking into consideration the disputed issues and a desire to fully resolve all issues between the Parties.  This Settlement Agreement amount fairly and reasonably compensates the Plaintiff.

 In addition, the Parties reached this Settlement Agreement in the interest of judicial economy and the avoidance of the time and expense of lengthy litigation.

This Settlement Agreement provides the Parties with a reasonable resolution and certainty.

### B.     Plaintiff's Attorneys' Fees Are Reasonable

Under the FLSA, a prevailing party is entitled to attorneys' fees and costs. *See* 29 U.S.C. § 216(b).  In this action, Plaintiff's counsel, Catherine M. Bowman of The Bowman Law Office, LLC, seeks to be paid for attorney's fees and costs incurred in bringing Plaintiff's Title VII and EPA claims for gender discrimination in compensation.  This amount has also been agreed to by Defendant. The requested fee is reasonable taking into consideration the legal criteria for awarding attorneys' fees under fee shifting statutes. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Norman v. Hous. Auth. Of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). The amount being paid to Plaintiff's counsel pursuant to the Settlement Agreement is reasonable and was agreed upon as a separate component of the Settlement without regard to the amount of money paid to the Plaintiff. Plaintiff's counsel submits that, based on the number of hours she has expended in this case (86 to date) and based on her hourly rate (normally $300-350 per hour, discounted for this Plaintiff to $250), this amount is approximately her actual attorneys' fees incurred in reviewing the file, drafting the Complaint, calculating damages, negotiating the settlement, including reviewing the settlement agreement and pleadings.  An Attorney Affidavit and billing records are attached hereto as

4

Exhibit B.  Therefore, the amount of costs and attorneys' fees is reasonable.

### III.   CONCLUSION

WHEREFORE, the Parties respectfully request the Court approve the Settlement Agreement.  Upon execution of the Settlement Agreement, the Parties will move the Court for a dismissal of the Lawsuit with prejudice.

Respectfully submitted this 19th day of May, 2020.

| | |
|---|---|
| /s/ Catherine M. Bowman | /s/ Katherine P. Stoff |
| Catherine M. Bowman | Katherine P. Stoff |
| Georgia Bar No. 494740 | Georgia Bar No. 536807 |
| The Bowman Law Office LLC | Georgia Department of Law |
| 7505 Waters Avenue, Suite D-3 | 40 Capitol Square SW |
| Savannah, Georgia 31406 | Atlanta, Georgia 30334 |
| Telephone: (912) 401-0121 | Telephone: (404) 656-3393 |
| Facsimile: (912) 352-9042 | Facsimile: (404) 657-9932 |
| Catherine@TheBowmanLawOffice.com | kstoff@law.ga.gov |
| | |
| Counsel for Plaintiff | Counsel for Defendant |

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2020, I electronically filed this **JOINT MOTION AND MEMORANDUM SEEKING APPROVAL OF THE PARTIES' SETTLEMENT AGREEMENT AND RELEASE** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

>Catherine M. Bowman
>The Bowman Law Office, LLC
>7505 Waters Avenue, Suite D-3
>Savannah, GA 31406
>catherine@thebowmanlawoffice.com

>*s/ Katherine P. Stoff*
>KATHERINE P. STOFF
>Attorney for Defendant