# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| JULIE GERBSCH | ) |
| Plaintiff, | ) |
| | ) Civil Action File No. CV419-310 |
| vs | ) |
| | ) |
| BOARD OF REGENTS OF THE | ) |
| UNIVERSITY SYSTEM OF GEORGIA, | ) JURY TRIAL DEMANDED |
| Defendant | ) |
| | ) |

## SETTLEMENT AGREEMENT
## AND FULL AND FINAL RELEASE OF CLAIMS

1.

This document sets forth the terms and conditions of the Settlement Agreement and Full and Final Release of Claims (hereinafter "Settlement Agreement and Release") by and between JULIE GERBSCH, ("Plaintiff") and the BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA ("Defendant"), including its unit institution, GEORGIA SOUTHERN UNIVERSITY. Collectively, Plaintiff and Defendant shall be known herein as "the Parties."

2.

FOR AND IN CONSIDERATION of the agreements set forth herein below, the receipt and sufficiency of which are hereby acknowledged, Plaintiff, for herself, her attorneys, her heirs, her executors, administrators, successors and

assigns, does hereby fully, finally and forever release and discharge the State of Georgia, the Defendant, including its unit institution Georgia Southern University, and all agents, administrators, directors, supervisors, and other officials or employees thereof, of and from all claims, demands, actions, causes of action, suits, damages, losses and expenses of any and every nature and description which have been asserted by or on behalf of Plaintiff in the case of *Julie Gerbsch v. The Board of Regents of the University System of Georgia*, Civil Action File No. 4:19-CV-00310-WTM-CLR, United States District Court, Southern District of Georgia ("the Lawsuit").

3.

This Settlement Agreement and Release is a full and final release of claims asserted by or on behalf of Plaintiff against the State of Georgia and Defendant, together with any and all claims which might have been asserted by or on behalf of Plaintiff, against the State of Georgia and Defendant, arising out of the allegations which form the subject matter of the Lawsuit, and asserted under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) *et seq*. and Equal Pay Act of 1963, 29 U.S.C. § 206(d).

4.

Plaintiff represents and warrants that no one other than herself is entitled to assert any claims of any kind or character based on or arising out of and alleged to

have been suffered by her as a consequence of her employment and/or relationship to date with Defendant and the State of Georgia.

5.

The terms and conditions set out herein are in compromise and settlement of disputed claims, the validity, existence or occurrence of which are expressly denied by the State of Georgia and Defendant. This Settlement Agreement and Release shall not in any way be construed as an admission by Defendant or any other person or entity of any fault or liability to Plaintiff or any other person or entity.

6.

As consideration of the mutual promises, covenants, and agreements referred to herein, Defendant agrees to increase Plaintiff's salary to $166,853.00 annually retroactive to and effective January 1, 2020. As long as Plaintiff serves as Executive Director of Development, or a similar position leading the university's fundraising team and reporting to the Associate Vice President of University Advancement ("AVP"), she will continue to receive a minimum annual salary of $166,853.00. In the circumstance where the AVP retires or is no longer in the position, Plaintiff will retain a minimum of an annual salary of $166,853.00 as long as she continues to lead the university's fundraising team, unless she is promoted to the duties of the AVP, in which case will be given the appropriate raise. However, if the Board of Regents or Georgia Southern University

implements or is required to implement furloughs or reductions, the University may treat Plaintiff as it treats other employees at the Director or Executive Director level. This Settlement Agreement and Release in no way grants Plaintiff an unlimited guarantee of employment or any claim of tenure in employment within the University, and she remains subject to all laws, regulations, and policies governing the behavior and job performance of State of Georgia and University employees.

7.

As further consideration for the mutual promises, covenants and agreements contained herein, Defendant shall pay to Plaintiff the sum of TWO HUNDRED AND TWENTY-SIX THOUSAND FIVE HUNDRED AND SIXTY AND 00/100 DOLLARS ($226,560.00) ("the Settlement Amount"), paid in accordance with the terms below, within fifteen (15) days of the execution of this Settlement Agreement and Release by Plaintiff. The Settlement Amount shall be paid as back wages, liquidated damages and attorney's fees in full and final settlement of all claims, which were or could have been asserted against Defendant. The Settlement Amount shall be delivered in three (3) checks, as follows:

(1) The sum of $166,560.00 in a check made payable to "Julie Gerbsch" from Georgia Southern University, payable as gross back wages to be paid in accordance with Defendant's customary employee payroll process and will be

subject to payroll and withholding and deductions for employee contributions to the University System of Georgia Optional Retirement Plan (ORP);

(2) The sum of $37,000.00 in a check made payable to "Julie Gerbsch" from the Georgia Department of Administrative Services, which represents non-wage damages; and

(3) The sum of $23,000.00 in a check made payable to "The Bowman Law Office, LLC" from the Georgia Department of Administrative Services, which represents attorneys' fees and litigation costs.

The above-referenced payments shall be delivered to the attention of Catherine M. Bowman at The Bowman Law Office, LLC, 7505 Waters Ave., Suite D-3, Savannah, Georgia 31406.

8.

For the amounts specified in paragraph 7(1) above, Defendant will issue an IRS Form W-2 to Plaintiff. For the amounts specified in paragraph 7(2) and (3) above, the Georgia Department of Administrative Services will issue IRS Form 1099s to Plaintiff and The Bowman Law Office, LLC, respectively. It will be the sole responsibility of Plaintiff and Plaintiff's counsel to pay taxes due on the portions of the Settlement Amount paid to each, if any. Furthermore, Plaintiff agrees to hold Defendant harmless as to any tax liability related to Plaintiff's

and/or Plaintiff's counsel's failure to pay any taxes applicable to the settlement proceeds.

9.

As further consideration of the mutual promises, covenants, and agreements referred to herein, Plaintiff agrees to provide Defendant's counsel with fully executed W-9s and payee information for Plaintiff and The Bowman Law Office, LLC.

10.

As further consideration of the mutual promises, covenants, and agreements referred to herein, within five (5) days upon execution of this Settlement Agreement and Release by all Parties, and order by the Court approving this Agreement, the Parties agree to file a dismissal of this Lawsuit with prejudice.

11.

As further consideration of the mutual promises, covenants, and agreements referred to herein, Plaintiff agrees to request a Dismissal or Notice of Right to Sue from the Equal Employment Opportunity Commission related to the Charge of Discrimination she filed against BOR, within five (5) business days of the execution of this Settlement Agreement and Release by all parties.  Upon receipt of the Notice of Right to Sue, Plaintiff further agrees not to file a lawsuit against BOR in accordance with the terms of this Settlement Agreement and Release.

12.

Plaintiff affirms that the only consideration for signing this Settlement Agreement and Release are the terms stated above; moreover, that no other promise or agreement of any kind has been made to or with her by any persons or entity to cause her to execute this Settlement Agreement and Release, and that she fully understands the meaning and intent of this Settlement Agreement and Release, including but not limited to its final and binding effect.

13.

This Settlement Agreement and Release supersedes all prior written and oral understandings, promises, and agreements between Plaintiff and Defendant and may not be altered, amended, or modified in any respect, except in writing, duly executed by all the parties hereto.

14.

All agreements and understandings embodied and expressed in the terms of this agreement are contractual and are not mere recitals. This Settlement Agreement and Release is made and entered into in the State of Georgia, and shall in all respects be interpreted, enforced, and governed under the laws of said State. The language of all parts of this agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties.

15.

Should any provision of this Settlement Agreement and Release be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be part of this Settlement Agreement and Release.

16.

This Settlement Agreement and Release may be executed in multiple counterparts and all counterparts shall constitute one agreement binding on each of the parties hereto, regardless of whether each party hereto is a signatory to the same counterpart. Fax or scanned signatures in lieu of original signatures are acceptable. This Settlement Agreement and Release shall become effective upon the date of the last signature affixed below.

17.

THE UNDERSIGNED FURTHER STATE THAT THEY HAVE CAREFULLY READ THE WITHIN AND FOREGOING SETTLEMENT AGREEMENT AND FULL AND FINAL RELEASE OF CLAIMS AND KNOW AND UNDERSTAND THE CONTENTS THEREOF AND THAT THEY EXECUTED THE SAME OF THEIR OWN FREE ACT AND DEED.

IN WITNESS thereof, the undersigned have hereunto set their hands and seal.

_____       _____
Julie Gerbsch                            Dr. Kyle Marrero, President of
Plaintiff                                Georgia Southern University,
Date: _____            On behalf of the Board of Regents of the
                                         University System of Georgia
                                         Defendant
                                         Date: _____


                                         _____
                                         Georgia Department of Administrative
                                         Services
                                         Date: _____


                                         APPROVED AS TO FORM:


                                         _____
                                         Katherine Powers Stoff
                                         Attorney for Defendant
                                         Date: _____


                                         _____
                                         Catherine M. Bowman
                                         Attorney for Plaintiff
                                         Date: _____